358 S.E.2d 234

**The COMMITTEE ON LEGAL ETHICS OF the WEST VIRGINIA STATE BAR**

v.

**Geary L. WALKER.**

No. 16795.

Supreme Court of Appeals of West Virginia.

June 4, 1987.

Sherri Dusic, State Bar, Charleston, for appellant.

William C. Forbes, Charleston, for appellee.

McGRAW, Chief Justice:

This is a disciplinary action against Geary L. Walker, a member of the West Virginia State Bar. The Bar's Committee on Legal Ethics recommends that this Court annul the respondent's license to practice law and assess against him the costs of the disciplinary proceedings.

The respondent was charged with violations of three of the disciplinary rules set

out in the West Virginia Code of Professional Responsibility, DR 1–102(A)(3), (4), and (6).* Specifically, the complaint charged that the respondent staged a breaking and entering and theft of property from his Berkeley Springs, West Virginia law office, and, with regard to that incident, knowingly gave false information to law enforcement officers, and falsely implicated an innocent party, that he set fire to his own home in Clarksburg, West Virginia, that he threatened physical violence against two individuals, and that he knowingly tendered to Mountain State Federal Savings and Loan Association a worthless check for back-due interest on the mortgage loan on his burnt home.

The respondent answered the complaint, acknowledging the underlying events, denying any wrongdoing, and asserting that, during the time period involved, he was suffering under extreme financial, domestic, and mental problems. The answer stated that the respondent's law practice was not economically profitable and that the respondent's marriage had failed, but detailed no other specific problems that would tend to indicate a mental disability.

A subcommittee held a hearing on the charges on April 29, 1985, but the respondent chose not to appear, either personally or by counsel, because he felt the evidence against him was such that he could not prevail. On June 29, 1985 the full Committee, after a review of the record, considered the charges against the respondent and found that he had violated the cited disciplinary rules. The Committee recommended that this Court consider (1) immediately suspending the respondent's license to practice law pending a medical examination to determine his mental capacity and (2) annulling his license based on the charged ethical violations, if the respondent was found to be mentally competent. This Court suspended the respondent's license pending receipt of the psychological reports and, on November 13, 1985, remand-ed the proceeding to the Committee in order to provide the respondent with a new opportunity to present a defense.

At the hearing scheduled pursuant to our order, the respondent and his counsel objected to the Committee's evidentiary use of the transcript from the April hearing, and the Committee granted the respondent's motion to hold a full rehearing on the charges. The hearing was scheduled for June 23, 1986, but the respondent again chose not to appear. His counsel did attend the hearing, however, and represented that the respondent had no objection to the advancement of the proceedings, was prepared to allow the previous testimony to go uncontradicted, and recognized that an annulment was likely. The respondent's counsel also declined the offered opportunity to amend the respondent's answer to the charges or to cross-examine any of the Bar's witnesses.

On August 1, 1986, the full Committee adopted findings and again recommended to this Court that the respondent's license to practice law be annulled.

Historically we have held that, "[i]n a court proceeding initiated by the Committee on Legal Ethics of the West Virginia State Bar to annul the license of an attorney to practice law, the burden is on the Committee to prove, by full, preponderating and clear evidence, the charges contained in the Committee's complaint." Syl. Pt. 1, *Committee on Legal Ethics v. Pence,* 216 S.E.2d 236 (W.Va.1975). The respondent does not challenge the Committee's factual findings, and our review of the record indicates that the Committee has met its burden of proving the charges by full, preponderating, and clear evidence.

The only issue remaining in this case regards the respondent's mental condition. While we have not recognized the existence of emotional problems as a complete defense to ethics charges, *see* Syl. Pt.

* The cited disciplinary rules provide:
  DR 1–102 Misconduct.—(A) A lawyer shall not:
  (3) Engage in illegal conduct involving moral turpitude.

  (4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

  (6) Engage in any other conduct that adversely reflects on his fitness to practice law.

2, *Committee on Legal Ethics v. Smith,* 156 W.Va. 471, 194 S.E.2d 665 (1973), they may be treated as mitigating circumstances in determining what disciplinary action is most appropriate. *Committee on Legal Ethics v. Mullins,* 159 W.Va. 647, 653, 226 S.E.2d 427, 430 (1976). A respondent attorney may also contend that he suffers from a mental disability, making it impossible for him to adequately defend himself against disciplinary charges. When such a contention is made, this Court enters an order suspending the respondent attorney's license and directs that he be evaluated by the appropriate experts. By-Laws of the West Virginia State Bar, art. VI, § 26(c).

 Because of our concerns regarding this issue, we directed the respondent to undergo a psychiatric evaluation. The reports received by this Court and incorporated into the record show that, while the respondent has a passive-aggressive personality, his mental and psychiatric examination is normal. There is nothing in these reports which would indicate a disability so severe as to render the respondent incompetent to aid his counsel in the defense of the charges against him. Additionally, the respondent's counsel stated at the June 23, 1986, proceedings that his client was not then suffering from any mental disease, defect, or incapacity which would materially affect his ability to make decisions regarding his defense.

 We, therefore, find that the respondent was fully capable of aiding in his own defense and that he has presented no evidence which should be considered in mitigation of the Committee's recommended disciplinary actions. "The principle [sic] purpose of attorney disciplinary proceedings is to safeguard the public's interest in the administration of justice." Syl. Pt. 3, *Daily Gazette Co. v. Committee on Legal Ethics,* 174 W.Va. 359, 326 S.E.2d 705 (1984). In deciding on the appropriate disciplinary action for ethical violations, this Court must consider not only what steps would appropriately punish the respondent attorney, but also whether the discipline

imposed is adequate to serve as an effective deterrent to other members of the Bar and at the same time restore public confidence in the ethical standards of the legal profession.

For all of these reasons, we adopt the recommendation of the Committee and hereby annul the respondent's license to practice law. Expenses incurred by the Committee in the investigation and hearings of this matter, in the amount of $2732.27, are to be paid by the respondent. *See* By-Laws of the West Virginia State Bar, art. VI, § 20.

License annulled.