371 S.E.2d 92

**COMMITTEE ON LEGAL ETHICS OF the WEST VIRGINIA STATE BAR**

**v.**

**William Emmett LEWIS.**

**No. 18066.**

Supreme Court of Appeals of West Virginia.

July 20, 1988.

Jack M. Marden, West Virginia State Bar, Charleston, for West Virginia State Bar.

William E. Lewis, Lexington, Okl., pro se.

PER CURIAM:

This is an attorney disciplinary proceeding brought by the Committee on Legal Ethics of The West Virginia State Bar against the respondent, William Emmett Lewis, formerly admitted to the practice of law in this State. The Committee recommends that the respondent's license to practice law be annulled. We believe the evidence justifies adoption of the Committee's recommendation.

On August 7, 1987, the respondent pleaded guilty to two counts of embezzlement by trustee and to one count of possession of a controlled drug in the District Court of the 14th Judicial Circuit of the State of Oklahoma. The respondent subsequently resigned from the practice of law in Oklahoma pending disciplinary proceedings.

In October 1987, the Committee on Legal Ethics of the West Virginia State Bar instituted proceedings in this Court to annul the respondent's license to practice law in this State on the ground that he had violated DR–1–102(A)(3) of the Code of Professional Responsibility, which prohibits lawyers from engaging in "illegal conduct involving moral turpitude." The evidence consists entirely of certified copies of the Oklahoma court's judgment and sentencing orders.

"In a court proceeding initiated by the Committee on Legal Ethics of the West Virginia State Bar to annul the license of an attorney to practice law, the burden is on the Committee to prove, by full, preponderating and clear evidence, the charges contained in the Committee's complaint." Syl. pt. 1, *Committee on Legal Ethics v. Pence,* 216 S.E.2d 236 (W.Va.1975).

Syllabus point 1, *Committee on Legal Ethics v. Walker,* 178 W.Va. 150, 358 S.E.2d 234 (1987). There has been no response by the respondent or rebuttal of the Committee's charges. The Committee must, therefore, be taken to have satisfied its burden of proof.

Accordingly, and for the reasons set out above, the license of the respondent, William Emmett Lewis, to practice law in this State is hereby annulled.

License to practice law annulled.