411 S.E.2d 452

## The COMMITTEE ON LEGAL ETHICS OF the WEST VIRGINIA STATE BAR, Petitioner

v.

## Arch A. MOORE, Jr., an active member of the West Virginia State Bar, Respondent.

### No. 19724.

Supreme Court of Appeals of West Virginia.

Submitted July 2, 1991.

Decided Oct. 31, 1991.

---

Sherri D. Goodman, Charleston, for complainant.

Stephen V. Wehner, Santarelli, Smith & Carroccio, Washington, D.C., for respondent.

BROTHERTON, Justice:

This case involves an action by the Committee on Legal Ethics of the West Virginia State Bar against the respondent, Arch A. Moore, Jr., former Governor of the State of West Virginia. On May 8, 1990, the respondent pled guilty in the United States District Court for the Southern District of West Virginia to one count of mail fraud (18 U.S.C. § 1341), one count of a Hobbs Act violation (18 U.S.C. § 1951), two counts of filing a false income tax return (26 U.S.C. § 7206(1)), and one count of obstruction of justice (18 U.S.C. § 1503).

Shortly thereafter, however, the respondent attempted to withdraw his guilty plea, claiming that he pled guilty upon erroneous advice from his trial counsel regarding sentencing, parole eligibility, and the consequences of pleading guilty. The respondent claims that if he had been properly advised of those consequences, he would not have pled guilty. The district court denied the respondent's motion to withdraw his guilty plea. The respondent then filed an appeal with the United States Circuit Court of Appeals for the Fourth Circuit. On April 23, 1991, the Fourth Circuit issued a written opinion which denied the respondent's appeal and refused to find the respondent had met the requirements for withdrawing his guilty plea. The Fourth Circuit subsequently denied the respondent's petition for a rehearing. In the meantime, the Committee on Legal Ethics suspended the respondent's license to practice law. However, the action to disbar him from the practice of law in West Virginia was suspended, pending completion of the appeal process.

On July 2, 1991, the respondent came before this Court requesting a stay in the disciplinary proceedings against him. In his brief, the respondent stated that within two weeks following that argument, he would file a petition for certiorari with the United States Supreme Court, in which he would contend that the Fourth Circuit erred in finding that the respondent had not met the requirements for withdrawing his plea. The respondent also claimed that he would file a habeas corpus petition in the district court under 28 U.S.C. § 2255 and argue that he received gross ineffective assistance of counsel and that his guilty plea was based upon this erroneous advice. This Court agreed to postpone any action until all appeals had been exhausted.

On October 7, 1991, the United States Supreme Court refused certiorari on the respondent's appeal. Thus, the issue of the annulment of the respondent's law license is now properly before this Court.[1] The

1. Our ruling today is not altered by the pendency of Moore's habeas corpus petition, which he claimed he would file in district court. All issues before this Court have been resolved by the United States Supreme Court's denial of certiorari, and, therefore, we refuse to delay our decision because of pending habeas corpus petitions which could continue indefinitely. If,

Committee on Legal Ethics requests that the respondent's law license be annulled and contends that a mitigation hearing is inappropriate in this case. For the reason stated below, we agree.

The West Virginia Rules of Professional Conduct, Rule 8.4(b)–(d) (1990) provides, in part, that:

It is professional misconduct for a lawyer to:

\* \* \* \* \* \*

(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

(c) engage in conduct involving dishonest[y], fraud, deceit or misrepresentation;

(d) engage in conduct that is prejudicial to the administration of justice;

\* \* \* \* \* \*

In this case, the respondent violated the three provisions of Rule 8.4 listed above.

■ The burden of proving the charge contained in the Committee's complaint is upon the Committee. " ' "In a court proceeding initiated by the Committee on Legal Ethics of the West Virginia State Bar to annul the license of an attorney to practice law, the burden is on the Committee to prove, by full, preponderating and clear evidence, the charges contained in the Committee's complaint." Syl. Pt. 1, *Committee on Legal Ethics v. Pence*, 216 S.E.2d 236 (W.Va.1975).' Syllabus Point 1, *Committee on Legal Ethics v. Walker*, 178 W.Va. 150, 358 S.E.2d 234 (1987)." Syl. pt. 1, *Committee on Legal Ethics of the West Virginia State Bar v. Six*, 181 W.Va. 52, 380 S.E.2d 219 (1989). That proof, however, is satisfied when there is a final criminal conviction. "Where there has been a final criminal conviction, proof on the record of such conviction satisfies the Committee on Legal Ethics' burden of proving an ethical violation arising from such conviction." *Id.* at syl. pt. 2.

In this case, the respondent's guilty plea to the three felony criminal charges set out

however, Moore obtains relief upon habeas corpus, this Court will consider its effect on the

above was made a part of the record. The respondent's appeal to the United States Supreme Court from the conviction on his guilty plea before the United States District Court was refused. As all appeals have been exhausted, there is now a final criminal conviction on the respondent's record which satisfies the Committee's burden of proving an ethical violation stemming from the conviction. Therefore, the petitioner has met its burden of proof.

■ However, the respondent requests an evidentiary hearing in mitigation of disciplinary action. The practice of holding an evidentiary hearing for the purpose of introducing mitigating factors which would bear on the disciplinary proceeding was initiated in *Committee on Legal Ethics of the West Virginia State Bar v. Boettner*, 183 W.Va. 136, 394 S.E.2d 735 (1990). In syllabus point 2, this Court stated that:

A license to practice law is a valuable right, such that its withdrawal must be accompanied by appropriate due process procedures. Where annulment of an attorney's license is sought based on a felony conviction under Article VI, Section 23 of the Constitution, By–Laws, and Rules and Regulations of the West Virginia State Bar, due process requires the attorney be given the right to request an evidentiary hearing. The purpose of such a hearing is not to attack the conviction collaterally, but to introduce mitigating factors which may bear on the disciplinary punishment to be imposed.

■ However, in *Committee on Legal Ethics v. Folio*, 184 W.Va. 503, 401 S.E.2d 248 (1990), this Court explained that mitigation hearings are appropriate only where the Court perceives circumstances in the case which, if developed, might be sufficient to mitigate the disciplinary action. *Id.* 184 W.Va. at 507, 401 S.E.2d at 252. Moreover,

The cases in which a mitigation hearing will be appropriate are the exception rather than the rule. Whether a mitigation hearing is appropriate in a particular instance will depend upon a variety of factors, including but not limited to, the

status of his law license upon petition to this Court.

nature of the attorney's misconduct, surrounding facts and circumstances, previous ethical violations, the wilfulness of the conduct, and the adequacy of the attorney's previous opportunity to present evidence sufficient for a determination of appropriate sanctions.

*Id.* at syl. pt. 3.

 When the respondent was admitted to the practice of law in this State, he took an oath to support the Constitution of the United States and the Constitution of the State of West Virginia, to honestly demean himself in the practice of law, and, to the best of his ability, execute the office of attorney-at-law. W.Va.Code § 30-2-3. Further, when he took the oath of office as governor of this State, the respondent swore, on three separate occasions, to support the Constitution of the United States, the Constitution of the State of West Virginia, and to discharge the duties of governor to the best of his skill and judgment. W.Va. Const. art. IV, § 5.

As an attorney, the respondent brought to the office of governor all his prior experience and knowledge. Consequently, the acts that occurred while he was governor are intermingled with the acts performed in contravention of his law license. Once a person takes the oath to honestly demean himself in the practice of law, his existence, from that day forward or until he surrenders his license to practice law, requires that he not break any of the laws which he is sworn to uphold. This oath is the cornerstone upon which the foundation of our jurisprudence is built. Without that cornerstone, the principles of our Constitution disintegrate.

The respondent was entrusted with the right to practice law and the privilege to govern this State. He failed both. As a lawyer, he pled guilty to criminal acts that arose out of his practice of law. As former governor, he pled guilty to criminal acts that grew out of his position as governor. He violated both oaths of office. Can there be any more serious breach of trust than the violation of these two oaths?

The respondent pled guilty to three federal felonies, including obstruction of justice and a Hobbs Act violation. A lawyer's guilty plea to a charge of obstruction of justice alone would be sufficient to annul a lawyer's license to practice law. Mitigation is neither possible under these circumstances, nor warranted.

 Mitigation hearings are inappropriate when the circumstances involve a lawyer who wilfully violates the public trust by extortion or obstructing justice as the respondent did. Accordingly, we deny the respondent's motion for a mitigation hearing and hold that his license to practice law in the State of West Virginia is hereby annulled.

License to practice law annulled.