411 S.E.2d 265

### The COMMITTEE ON LEGAL ETHICS OF the WEST VIRGINIA STATE BAR, Complainant,

v.

### William N. MATTHEWS, a Member of the West Virginia State Bar, Respondent.

#### No. 20224.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 10, 1991.

Decided Nov. 1, 1991.

Sherri D. Goodman, West Virginia State Bar, Charleston, for complainant.

William M. Frazier, Frazier & Oxley, Huntington, for respondent.

PER CURIAM:

In this proceeding, the Committee on Legal Ethics of the West Virginia State Bar (Committee) asks this Court to discipline William N. Matthews for neglecting a legal

matter entrusted to him in violation of DR 6–101 of the West Virginia Code of Professional Responsibility.[1] The Committee recommends that we publicly reprimand Mr. Matthews, order him to submit a plan providing for the supervision of his legal practice within sixty days of this opinion, and require him to pay the costs of these proceedings totaling $223.00.

▇ Our traditional rule requires the Committee to prove charges of ethical violations by clear and convincing evidence. This rule is set out in Syllabus Point 1 of *Committee on Legal Ethics v. Six*, 181 W.Va. 52, 380 S.E.2d 219 (1989):

"'"In a court proceeding initiated by the Committee on Legal Ethics of the West Virginia State Bar to annul the license of an attorney to practice law, the burden is on the Committee to prove, by full, preponderating and clear evidence, the charges contained in the Committee's complaint." Syl. Pt. 1, *Committee on Legal Ethics v. Pence*, 216 S.E.2d 236 (W.Va.1975).' Syllabus Point 1, *Committee on Legal Ethics v. Walker*, 178 W.Va. 150, 358 S.E.2d 234 (1987)."

With this standard in mind, we now address whether Mr. Matthews' conduct violated DR 6–101(A)(3). This provision states that "[a] lawyer shall not ... neglect a legal matter entrusted to him."

Mr. Matthews is a sole practitioner in Cabell County. He was the named executor of the estate of Ruby Winters, who died testate on September 14, 1981. Mr. Matthews probated the will on October 7, 1981, but failed to settle the estate in a timely fashion. On March 1, 1985, a beneficiary under the will, David A. Edmunds, filed a complaint against Mr. Matthews with the Committee.

This is not the first ethical complaint filed against Mr. Matthews. Several months after Mr. Edmunds filed his complaint, this Court, in an unpublished order dated June 26, 1985, found Mr. Matthews negligent in handling two other estates. We placed him on probation, ordered him to

---

1. In 1988, West Virginia adopted the Rules of Professional Conduct. At the time of the alleged ethical violation, the Code of Professional Responsibility was in effect.

**124**

participate in an alcohol rehabilitation program, and required a licensed attorney to supervise his legal practice. William Frazier was appointed to supervise Mr. Matthews on the estate matters.[2]

Despite our reprimand, the Ruby Winters' estate still had not been settled five years later. In July of 1990, a hearing was held before the Committee. Mr. Frazier testified that, although Mr. Matthews was generally cooperative in his attempts to settle the estate, the records were in such disarray that progress was difficult.[3] Moreover, Mr. Frazier testified that Mr. Matthews had difficulty locating pertinent documents and the undistributed assets of the estate. Indeed, the estate was not finally settled until February 27, 1991.

■ Applying the traditional rule set for in *Committee of Legal Ethics v. Six, su-*

*pra,* we find that the evidence in this proceeding clearly demonstrates that Mr. Matthews negligently handled the settlement of the estate of Ruby Winters, in violation of DR 6–101(A)(3). Accordingly, William N. Matthews is hereby publicly reprimanded and ordered to submit a plan of supervision to the Committee within sixty days of the date of this opinion. He is also ordered to pay the Committee's costs of $223.

Publicly reprimanded and ordered to pay costs.

---

**2.** During the period of supervision, Mr. Frazier suffered a serious illness which also impeded progress in settling the estate. The Committee found this to be a mitigating factor.

**3.** Although Rule 3.7 of the Rules of Professional Conduct prohibit an attorney from being both

an advocate and a witness in the same proceeding, Rule 3.7(a)(1) states that the prohibition may be waived by agreement if "the testimony relates to an uncontested issue." Mr. Frazier testified at the hearing with the consent of the State Bar.