420 S.E.2d 744

**The COMMITTEE ON LEGAL ETHICS OF THE WEST VIRGINIA STATE BAR, Complainant,**

v.

**James Ned GRUBB, an Inactive Member of the West Virginia State Bar, Respondent.**

**No. 21200.**

Supreme Court of Appeals of West Virginia.

Submitted July 7, 1992.

Decided July 15, 1992.

Sherri D. Goodman, West Virginia State Bar, Charleston, for complainant.

Robert P. Martin, Meyer, Darragh, Buckler, Bebenek & Eck, Charleston, for respondent.

PER CURIAM:

This disciplinary proceeding was instituted by the Committee on Legal Ethics of the West Virginia State Bar against James Ned Grubb, an inactive member of the Bar.[1] The Committee recommends that Mr. Grubb's license to practice law be annulled based on his criminal conviction in *United States of America v. James Ned Grubb,* Criminal No. 2:92–00047–01 (S.D.W.V. filed May 7, 1992). If Mr. Grubb's conviction is reversed on appeal, the Committee recommends that his license be reinstated, and the Committee proceed with a formal complaint. Because of Mr. Grubb's conviction, we adopt the Committee's recommendation for discipline.

Mr. Grubb, an inactive member of the Bar, was an elected circuit court judge when the alleged violations occurred. Mr. Grubb's case was tried by a jury and on May 7, 1992 Mr. Grubb was found guilty of violations of 18 U.S.C. § 666(a)(2) (bribery of a public official), § 1341 (mail fraud), § 371 (conspiracy), § 1512 (witness tampering), § 1503 (obstruction of justice), § 1962 (RICO) and § 2 (aiding and abetting).

The Committee on Legal Ethics contends that because Mr. Grubb violated Rule 8.4

1. In order to be reinstated as an active member of the Bar, an inactive member needs to meet certain continuing legal education requirements and to pay dues.

of the West Virginia Rules of Professional Conduct [1990][2], his license should be annulled. If Mr. Grubb's conviction is reversed on appeal, the Committee recommends that Mr. Grubb's license be reinstated.[3]

■ The Committee has the burden of proving the charge against Mr. Grubb by full, preponderating and clear evidence. " 'In a court proceeding initiated by the Committee on Legal Ethics of the West Virginia State Bar to annul the license of an attorney to practice law, the burden is on the Committee to prove, by full, preponderating and clear evidence, the charges contained in the Committee's complaint.' Syl. Pt. 1, *Committee on Legal Ethics v. Pence*, 216 S.E.2d 236 (W.Va.1975). Syllabus Point 1, *Committee on Legal Ethics v. Walker*, 178 W.Va. 150, 358 S.E.2d 234 (1987). Syl. pt. 1, *Committee on Legal Ethics of the West Virginia State Bar v. Six*, 181 W.Va. 52, 380 S.E.2d 219 (1989)." Syllabus Point 1, *Committee on Legal Ethics v. Moore*, 186 W.Va. 127, 411 S.E.2d 452 (1991).

■ However, a final criminal conviction satisfies our burden of proof. " 'Where there has been a final criminal conviction, proof on the record of such conviction satisfies the Committee on Legal Ethics' burden of proving an ethical violation arising from such conviction.' Syl. pt. 2, *Committee on Legal Ethics of the West Virginia State Bar v. Six*, 181 W.Va. 52, 380 S.E.2d 219 (1989)." Syllabus Point 2, *Moore supra.*

In the present case, Mr. Grubb was found guilty by a jury of the seven charges listed above. Mr. Grubb contends that he will appeal the decision and, therefore, agrees with the Committee's recommendation that his license be suspended pending the outcome of his appeal.

■ Mr. Grubb was convicted of crimes involving moral turpitude or professional unfitness. Article VI, § 23 of the By-Laws of the State Bar [1991] states, in pertinent part: "The license of any attorney shall be annulled and such attorney shall be disbarred upon proof that he has been convicted ... of any crime involving moral turpitude or professional unfitness...." Article VI, § 25 of the By-Laws of the State Bar [1991] states that if an attorney is convicted of a crime involving moral turpitude or professional unfitness or a felony "such attorney's license shall thereupon be suspended notwithstanding the pendency of an appeal from such a conviction." [4] Section 25 of Article

2. Rule 8.4 of the West Virginia Rules of Professional Conduct [1990] provides:
   It is professional misconduct for a lawyer to:
   (a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
   (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;
   (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
   (d) engage in conduct that is prejudicial to the administration of justice;
   (e) state or imply an ability to influence improperly a government agency or official; or
   (f) knowingly assist a judge or judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law.

3. The parties request Mr. Grubb's license be suspended pending his appeal, and pending the outcome, this Court make a final decision.

4. Article VI, § 25 of the By-Laws of the State Law [1991] provides:

In any proceeding to suspend or annul the license of any such attorney because of his conviction of any crime or crimes mentioned in sections twenty-three or twenty-four, a certified copy of the order or judgment of conviction shall be conclusive evidence of guilt of the crime or crimes of which the attorney has been convicted. A plea or verdict of guilty or a conviction after a plea of nolo contendere shall be deemed to be a conviction within the meaning of this section. The committee on legal ethics, the president, or the board may procure and transmit a certified copy of the order or judgment of conviction to the supreme court of appeals. Upon the filing of such judgment order of conviction, the court shall issue an order addressed to the attorney to show cause why his license should not be suspended or annulled. Such order shall be served and executed on the attorney in accordance with the provisions of section thirty-nine of this article. An attorney shall be deemed to have been convicted within the meaning of sections twenty-three and twenty-four upon the entry of the order or judgment of conviction by the trial court and such attorney's license shall thereupon be suspended

VI also provides that "[w]here a conviction is reversed upon appeal the license of such attorney shall be reinstated but the reinstatement shall not terminate any formal proceeding then pending against the attorney, the disposition of which shall be determined by the committee on legal ethics on the basis of the available evidence."

We find that the Committee has met its burden of proof to annul Mr. Grubb's license; however, if his conviction is reversed on appeal, Mr. Grubb's license shall be reinstated and the annulment ordered by this decision shall be considered a suspension. If Mr. Grubb's license is reinstated, the Committee may continue with its proceeding against Mr. Grubb on the basis of the available evidence.

Accordingly, the Court annuls Mr. Grubb's license to practice law.

License annulled.

notwithstanding the pendency of an appeal from such a conviction.

An attorney whose license has been suspended or annulled by a trial court as a part of the judgment of conviction may within ten days after the entry of said judgment order of conviction file with the supreme court of appeals a petition showing good cause why his license should not be so suspended or annulled pending appeal. The supreme court may permit the attorney to present oral argument in support of his petition and shall promptly grant or deny the same.

Where a conviction is reversed upon appeal the license of such attorneys shall be reinstated but the reinstatement shall not terminate any formal proceeding then pending against the attorney, the disposition of which shall be determined by the committee on legal ethics on the basis of the available evidence.