450 S.E.2d 638

## The COMMITTEE ON LEGAL ETHICS OF THE WEST VIRGINIA STATE BAR, Complainant,

v.

## Richard W.W. SYDNOR, Jr., an Active Member of the West Virginia State Bar, Respondent.

### No. 22286.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 13, 1994.

Decided Oct. 28, 1994.

Teresa A. Tarr, Disciplinary Counsel, West Virginia State Bar, Charleston.

Richard W.W. Sydnor, Jr., pro se.

PER CURIAM:

This disciplinary proceeding was instituted by the Committee on Legal Ethics of the West Virginia State Bar against Richard W.W. Sydnor, Jr., an active member of the Bar. On November 2, 1993, Mr. Sydnor agreed to plead guilty to one count of failing to file a federal income tax return for 1992 (26 U.S.C. § 7201). On May 17, 1994, the United States District Court for the Southern District of West Virginia found Mr. Sydnor guilty of a felony. Based on Mr. Sydnor's conviction, the Committee recommends that Mr. Sydnor's law license be annulled and contends that, in this case, a mitigation hearing is inappropriate. Based on our review of the record, we find that Mr. Sydnor is guilty of ethical violations and, therefore, we adopt the recommendations of the Committee and also require Mr. Sydnor to pay the Committee's costs.

"In a court proceeding initiated by the Committee on Legal Ethics of the West Virginia State Bar to annul the license of an attorney to practice law, the burden is on the Committee to prove, by full, preponderating and clear evidence, the charges contained in the Committee's complaint." Syl. pt. 1, *Committee on Legal Ethics v. Pence,* —— W.Va. ——, 216 S.E.2d 236 (1975). *In accord* Syl. pt. 1, *Committee on Legal Ethics v. Moore,* 186 W.Va. 127, 411 S.E.2d 452 (1991); Syl. pt. 1, *Committee on Legal Ethics v. Six,* 181 W.Va. 52, 380 S.E.2d 219 (1989); Syl. pt. 1, *Committee on Legal Ethics v. Walker,* 178 W.Va. 150, 358 S.E.2d 234 (1987). However, proof of a final conviction satisfies the Committee's burden of proof. Syl. pt. 2, *Committee on Legal Ethics v. Six, supra,* states:

Where there has been a final criminal conviction, proof on the record of such conviction satisfies the Committee on Legal Ethics' burden of proving an ethical violation arising from such conviction.

In accord Syl. pt. 2, *Committee on Legal Ethics v. Moore, supra;* Syl. pt. 1, *Committee on Legal Ethics v. Boettner, Jr.,* 183 W.Va. 136, 394 S.E.2d 735 (1990), *cert. denied,* —— U.S. ——, 113 S.Ct. 209, 121 L.Ed.2d 149 (1992). The Committee in this case satisfied its burden of proving Mr. Sydnor's conviction by providing a copy of the order of conviction.[1]

Rule 8.4 of the *West Virginia Rules of Professional Conduct* [1989] provides, in pertinent part:

It is professional misconduct for a lawyer to: ...

(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentations;

(d) engage in conduct that is prejudicial to the administration of justice....

In this case, we find that the Committee has met its burden of proof to annul Mr. Sydnor's license. The Committee also asks that Mr. Sydnor not be afforded a mitigation hearing because of the close nexus between Mr. Sydnor's crime and the administration of justice. In Syl. pt. 2, *Committee on Legal Ethics v. Boettner, supra,* we stated:

A license to practice law is a valuable right, such that its withdrawal must be accompanied by appropriate due process procedures. Where annulment of an attorney's license is sought based on a felony conviction under Article VI, Section 23 of the Constitution, By–Laws, and Rules and Regulations of the West Virginia State Bar, due process requires the attorney be given the right to request an evidentiary hearing. The purpose of such a hearing is not to attack the conviction collaterally, but to introduce mitigating factors which may bear on the disciplinary punishment to be imposed.

In accord Syl. pt. 3, *Committee on Legal Ethics v. Moore, supra.*

Rule 8.4 concentrates on "a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects." *Boettner,* 183 W.Va. at 139, 394 S.E.2d at 738. In *Boettner,* we noted that under the "moral turpitude" standard of DR 1–102(A)(3) of the *Code of Professional Responsibility,*[2] "there is a certain rigidity to the approach taken in our tax evasion cases." *Boettner, id.* In *Boettner,* a factually similar case in that Mr. Boettner pled guilty to violating 26 U.S.C. § 7201, we determined that a evidentiary mitigation hearing should be permitted. However, in this case we decline to consider the appropriateness of a mitigation hearing because there is no record of any request and Mr. Sydnor failed to respond to the Committee's petition to annul his license.

Accordingly, the Court adopts the Committee's recommendation and orders the annulment of Mr. Sydnor's license to practice law in the State of West Virginia. We also require Mr. Sydnor to reimburse the Committee for the costs it incurred in connection with this proceeding.

License Annulled.

BROTHERTON, C.J., did not participate.

MILLER, Retired Justice, sitting by temporary assignment.

1. The State Bar *By–Laws,* Art. VI, § 25 [1991] provides, in pertinent part:

In any proceeding to suspend or annul the license of any such attorney because of his conviction of any crime or crimes mentioned in sections twenty-three or twenty-four, a certified copy of the order or judgment of conviction shall be conclusive evidence of guilt of the crime or crimes of which the attorney has been convicted.

2. The *West Virginia Rules of Profession Conduct* superseded and replaced the *Code of Professional Responsibility* on January 1, 1989.