455 S.E.2d 569

LAWYER DISCIPLINARY
BOARD, Complainant,

v.

William Douglas TAYLOR, a Member
of the West Virginia State Bar,
Respondent.

No. 22452.

Supreme Court of Appeals of
West Virginia.

Submitted Jan. 10, 1995.

Decided Feb. 17, 1995.

Sherri D. Goodman, Chief Disciplinary Counsel, West Virginia State Bar, Charleston, for complainant.

William Douglas Taylor, pro se.

PER CURIAM:

The Lawyer Disciplinary Board of the West Virginia State Bar seeks to annul the law license of William Douglas Taylor, an inactive member of the Bar. On September 15, 1994, the United States District Court for the Northern District of West Virginia accepted Mr. Taylor's guilty plea to a one count violation of 21 U.S.C. §§ 841(a)(1) and 860, distribution of crack cocaine within 1,000 feet of a school. Based on our review of the record, we find that Mr. Taylor is guilty of ethical violations and, therefore, we adopt the recommendations of the Board and also require Mr. Taylor to pay the Board's costs.

"In a court proceeding initiated by the Committee on Legal Ethics of the West Virginia State Bar to annul the license of an attorney to practice law, the burden is on the Committee to prove, by full, preponderating and clear evidence, the charges contained in the Committee's complaint." Syl. pt. 1, *Committee on Legal Ethics v. Pence,* —— W.Va. ——, 216 S.E.2d 236 (1975). *In accord* Syl. pt. 1, *Committee on Legal Ethics v. Moore,* 186 W.Va. 127, 411 S.E.2d 452 (1991); Syl. pt. 1, *Committee on Legal Ethics v. Six,* 181 W.Va. 52, 380 S.E.2d 219 (1989); Syl. pt. 1, *Committee on Legal Ethics v. Walker,* 178 W.Va. 150, 358 S.E.2d 234 (1987).

■ Proof of a final conviction satisfies the Board's burden of proof. Syl. pt. 2, *Committee v. Six, supra,* states:

Where there has been a final criminal conviction, proof on the record of such conviction satisfies the Committee on Legal Ethics' burden of proving an ethical violation arising from such conviction.

*In accord* Syl. pt. 2, *Committee on Legal Ethics v. Moore, supra;* Syl. pt. 1, *Committee on Legal Ethics v. Boettner,* 183 W.Va. 136, 394 S.E.2d 735 (1990), *cert. denied,* —— U.S. ——, 113 S.Ct. 209, 121 L.Ed.2d 149 (1992). The Board in this case satisfied its burden of proving Mr. Taylor's conviction by providing a copy of the September 21, 1994 order of conviction.[1]

Rule 8.4 of the *West Virginia Rules of Professional Conduct* [1989] provides, in pertinent part:

It is professional misconduct for a lawyer to: ...

(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

(d) engage in conduct that is prejudicial to the administration of justice....

In *Committee on Legal Ethics v. Boettner,* 183 W.Va. at 139, 394 S.E.2d at 738, we noted that Rule 8.4 concentrates on "a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

In this case, we find that the Board met its burden of proof to annul Mr. Taylor's license. Accordingly, the Court adopts the Board's recommendation and orders the annulment of Mr. Taylor's license to practice law in the State of West Virginia. We also required Mr. Taylor to reimburse the Board for the costs it incurred in connection with this proceeding.

License annulled.

---

1. The State Bar *By-laws,* Art. VI, § 25 [1991] provide, in pertinent part:

In any proceeding to suspend or annul the license of any such attorney because of his conviction of any crime or crimes mentioned in sections twenty-three or twenty-four, a certified copy of the order or judgment of conviction shall be conclusive evidence of guilt of the crime or crimes of which the attorney has been convicted.

BROTHERTON, J., did not participate.

FOX, Judge, sitting by temporary assignment.