Justice Armstead, dissenting:
In this disciplinary proceeding, the majority holds that Mr. Sidiropolis will serve a sixty-day suspension with automatic reinstatement after the sixty days. He must then comply with the terms of supervised probation for twenty-two months. That sanction was proposed by both Mr. Sidiropolis and the Office of Disciplinary Counsel. It was adopted by the Hearing Panel Subcommittee and recommended to this Court. Given Mr. Sidiropolis's cooperation with disciplinary counsel, his aggressive pursuit of recovery from addiction, and his efforts to help others, he likely will successfully complete his supervised probation.
While I congratulate Mr. Sidiropolis on his recovery efforts and wish him further success, I am of the opinion that the de facto sixty-day suspension is overly generous in view of the facts surrounding his attempted transport of heroin from Pennsylvania to West Virginia, and in view of the need to restore public confidence in the legal profession. In that regard, although our standards of review require that respectful consideration be given to the Subcommittee's recommendations, those standards also confirm this Court's authority to exercise independent judgment.
As the majority acknowledges, when stopped in Pennsylvania in March 2015, Mr. Sidiropolis was unable to complete the field sobriety tests and was taken into custody for DUI. Moreover, "ten bricks of heroin" were found in his vehicle. There was evidence that Mr. Sidiropolis was transporting a portion of the heroin to a dealer to be sold to other individuals. Although later dismissed, the stop resulted in the charge in federal court of conspiracy to distribute heroin.
This Court held in syllabus point 3 of Committee on Legal Ethics v. Walker , 178 W.Va. 150, 358 S.E.2d 234 (1987) :
In deciding on the appropriate disciplinary action for ethical violations, this Court must consider not only what steps would appropriately punish the respondent attorney, but also whether the discipline imposed is adequate to serve as an effective deterrent to other members of the Bar and at the same time restore public confidence *858 in the ethical standards of the legal profession.
Mr. Sidiropolis has demonstrated a remarkable recovery from addiction but has also agreed to extended supervision and monitoring under his supervised probation. However, in light of the devastating impact the trafficking and abuse of heroin has had on our State, and the evidence that Mr. Sidiropolis was transporting large quantities of heroin for his own use and potential distribution to others, his suspension must be sufficient to deter further use of heroin by others and restore public confidence.
Given the facts surrounding the traffic stop in March 2015 and the scope of Mr. Sidiropolis's drug abuse prior to that time, I do not believe that a sixty-day suspension is adequate to satisfy the considerations set forth in Walker . Therefore, I respectfully dissent.