*513 S.E.2d 722*

**OFFICE OF LAWYER DISCIPLINARY COUNSEL, Petitioner,**

v.

**George W. JORDAN, an Inactive Member of the West Virginia State Bar, Respondent.**

**No. 24285.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 9, 1998.

Decided Dec. 14, 1998.

Amie L. Johnson, Esq., Disciplinary Counsel, Charleston, West Virginia.

George W. Jordan, Pro Se.

WORKMAN, Justice:

In this disciplinary proceeding, the Office of Disciplinary Counsel of the West Virginia State Bar (hereinafter "Disciplinary Counsel") recommends that we annul the law license of George W. Jordan.[1] Mr. Jordan pled guilty to the charges of felonious embezzlement of $507,790.21 from an elderly woman to whom he had been appointed committee. Disciplinary Counsel requests this Court to order the annulment of Mr. Jordan's law license, pursuant to Rule 3.18 of the West Virginia Rules of Lawyer Disciplinary Procedure. Mr. Jordan has not requested a mitigation hearing and has not contested the annulment sought by the Disciplinary Counsel. Based upon our review of the record and arguments of counsel, we order the annulment of Mr. Jordan's law license. Disciplinary Counsel has also requested this Court to clarify the procedures for suspending or annulling a law license based upon the

---

1. Mr. Jordan is currently suspended from the practice of law for failure to pay bar dues and failure to complete mandatory continuing legal education requirements.

conviction of a crime. Based upon our review of the West Virginia Rules of Lawyer Disciplinary Procedure, we have determined that such clarification is not necessary and, accordingly, we decline to do so.

## I.

In 1994, Mr. Jordan was appointed to serve as committee for Ms. Gertrude Berthy, an elderly woman who suffers from Alzheimer's disease and dementia.[2] While serving as Ms. Berthy's committee, Mr. Jordan removed money from Ms. Berthy's bank account and cashed Ms. Berthy's annuities (incurring penalties), and took the money for his own personal use. Mr. Jordan's actions were discovered by Ms. Berthy's personal care providers. On October 3, 1996, a Webster County grand jury indicted Mr. Jordan for felonious embezzlement of $507,790.21 of Ms. Berthy's assets and Mr. Jordan pled

guilty to theses charges on December 23, 1996. By order entered August 8, 1997, Mr. Jordan was sentenced to a prison term of not less than one nor more than ten years. Mr. Jordan is currently incarcerated.

In a separate civil action, Mr. Jordan has been ordered to pay Ms. Berthy's estate the amount of $510,783.39 plus pre-judgment interest. Mr. Jordan's bonding company has made restitution. On August 20, 1997, Disciplinary Counsel requested this Court to annul Mr. Jordan's law license pursuant to Rule 3.18[3] of the West Virginia Rules of Lawyer Disciplinary Procedure. Disciplinary Counsel contends that Mr. Jordan had been convicted of a crime reflecting adversely on his honesty, trustworthiness, or fitness as a lawyer within the meaning of Rule 3.18(a) of the West Virginia Rules of Lawyer Disciplinary Procedure Rule 8.4(b) and (c) of the West

---

**2.** Mr. Jordan is both an accountant and an attorney. In an April 3, 1997, letter to the Office of Disciplinary Counsel advising of his indictment and subsequent guilty plea, Mr. Jordan explained that even though he had been a licensed attorney since 1986, he never really engaged in the practice of law and his work was almost exclusively limited to the accounting and taxation field.

**3.** Rule 3.18 provides as follows:

(a) A lawyer who has been convicted of crime that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects shall, within thirty days of entry of the order of judgment of conviction, forward a copy of the order or judgment to the Office of Disciplinary Counsel. Failure to forward a copy shall constitute an aggravating factor in any subsequent disciplinary proceeding.

(b) Any court in which any lawyer shall be convicted of any crime that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects shall, as part of the judgment, direct its clerk to forward a certified copy of the order or judgment of conviction with the Office of Disciplinary Counsel.

(c) A plea or verdict of guilty or a conviction after a plea of nolo contendere shall be deemed to be a conviction within the meaning of this rule.

(d) A lawyer shall be deemed to have been convicted within the meaning of this rule upon the entry of the order or judgment of conviction and such lawyer's license may be suspended or annulled thereupon notwithstanding the pendency of an appeal from such conviction.

(e) Upon receipt of the order or judgment, which shall be conclusive evidence of the guilt of the crime or crimes of which the lawyer has been convicted, the Office of Disciplinary Counsel shall prepare formal charges to be filed with the Clerk of the Supreme Court of Appeals. The formal charge shall inform the lawyer of the right to file a written request for a mitigation hearing within thirty days of the date of the charge. Service of the formal charge shall be made in accordance with Rule 2.11.

(f) Mitigation hearings on formal charges of a conviction of crime reflecting adversely on a lawyer's honesty, trustworthiness or fitness as a lawyer in other respects shall be conducted by a Hearing Panel Subcommittee of the Lawyer Disciplinary Board. Whether a mitigation hearing is warranted in a particular instance will depend upon a variety of factors, including but not limited to, the nature of the respondent's misconduct, surrounding facts and circumstances, previous ethical violations, the wilfulness of the conduct, and the adequacy of the respondent's previous opportunity to present evidence for a determination of appropriate sanctions. The procedure for such hearings shall be in accordance with the rules governing other lawyer disciplinary hearings. The office of disciplinary counsel may introduce evidence of aggravating factors at any mitigation hearing. Unless the parties agree to an annulment of the lawyer's license to practice law, the matter will be referred to the Supreme Court of Appeals for disposition upon the report of a Hearing Panel Subcommittee of the Lawyer Disciplinary Board in accordance with the rules governing other disciplinary matters.

Virginia Rules of Professional Conduct.[4]

## II.

■■■ In syllabus point one of *Committee on Legal Ethics v. Pence,* 216 S.E.2d 236 (1975), we explained that "[i]n a court proceeding initiated by the Committee on Legal Ethics of the West Virginia State Bar to annul the license of an attorney to practice law, the burden is on the Committee to prove, by full, preponderating and clear evidence, the charges contained in the Committee's complaint." Syllabus point two of *Committee on Legal Ethics v. Six,* 181 W.Va. 52, 380 S.E.2d 219 (1989), further instructs that "[w]here there has been a final criminal conviction, proof on the record of such conviction satisfies the Committee on Legal Ethics' burden of proving an ethical violation arising from such conviction."[5] *See also Office of Lawyer Disciplinary Counsel v. Tantlinger,* 200 W.Va. 542, 490 S.E.2d 361 (1997).

■■■ In syllabus point three of *Committee on Legal Ethics v. McCorkle,* 192 W.Va. 286, 452 S.E.2d 377 (1994), we stated as follows:

A *de novo* standard applies to a review of the adjudicatory record made before the Committee on Legal Ethics of the West Virginia State Bar as to questions of law, questions of application of the law to the facts, and questions of appropriate sanctions; this Court gives respectful consideration to the Committee's recommendations while ultimately exercising its own independent judgment. On the other hand, substantial deference is given to the Committee's findings of fact, unless such findings are not supported by reliable, probative, and substantial evidence on the whole record.

Rule 3.16 of the West Virginia Rules of Lawyer Disciplinary Procedure enumerates factors to be considered in imposing sanctions and provides as follows:

In imposing a sanction after a finding of lawyer misconduct, unless otherwise provided in these rules, the Court or Board shall consider the following factors: (1) whether the lawyer has violated a duty owed to a client, to the public, to the legal system, or to the profession; (2) whether the lawyer acted intentionally, knowingly, or negligently; (3) the amount of the actual or potential injury caused by the lawyer's misconduct; and (4) the existence of any aggravating or mitigating factors.

■■■ Although Rule 3.16 of the West Virginia Rules of Lawyer Disciplinary Procedure enumerates the factors to be considered in imposing sanctions after a finding of lawyer misconduct, a decision on discipline is in all cases ultimately one for the West Virginia Supreme Court of Appeals. This Court, like most courts, proceeds from the general rule, that absent compelling extenuating circumstances, misappropriation or conversion by a lawyer of funds entrusted to his/her care warrants disbarment. *See Lawyer Disciplinary Bd. v. Kupec,* 202 W.Va. 556, 561, 505 S.E.2d 619, 631 (1998).

■■■ In his capacity as an accountant, Mr. Jordan was appointed as committee for Mrs. Berthy. Mr. Jordan embezzled over $500,-000.00 from Mrs. Berthy. In so doing, he committed an intentional illegal act to which he has pled guilty, and he violated a trust inherent in the fiduciary relationship between him and his committee. Although Mr. Jordan was not acting as Mrs. Berthy's lawyer in the traditional sense when he committed this crime, neither Rule 3.18 of the West Virginia Rules of Lawyer Disciplinary Procedure nor Rule 8.4 of the West Virginia Rules of Professional Conduct require that the criminal conviction or act or dishonesty involve the victimization of a client in a traditional attorney-client relationship. No com-

---

4. Rule 8.4(b) and (c) provides that "[i]t is professional misconduct for a lawyer to ... commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects; [or] engage in conduct involving dishonesty, fraud, deceit or misrepresentation[.]"

5. The holding in *Six, supra,* is consistent with Rule 19(E) of the Model Rules for Lawyer Disciplinary Enforcement which states that "[a] certified copy of a judgment of conviction constitutes conclusive evidence that the lawyer committed the crime, and the sole issue in any hearing regarding the conviction shall be the nature and the extent of the discipline to be imposed."

pelling extenuating circumstances exist in this case and Mr. Jordan's actions warrant disbarment.

In formulating appropriate sanctions for professional misconduct, we have recognized that "[a]ttorney disciplinary proceedings are not designed solely to punish the attorney, but rather to protect the public, to reassure it as to the reliability and integrity of attorneys and to safeguard its interest in the administration of justice." *Lawyer Disciplinary Bd. v. Taylor*, 192 W.Va. 139, 144, 451 S.E.2d 440, 445 (1994). We reasoned in syllabus point two of *In re Daniel*, 153 W.Va. 839, 173 S.E.2d 153 (1970), that "[d]isbarment of an attorney to practice law is not used solely to punish the attorney but is for the protection of the public and the profession." Finally, in syllabus point five of *Committee on Legal Ethics v. Roark*, 181 W.Va. 260, 382 S.E.2d 313 (1989), we stated as follows:

"In deciding on the appropriate disciplinary action for ethical violations, this Court must consider not only what steps would appropriately punish the respondent attorney, but also whether the discipline imposed is adequate to serve as an effective deterrent to other members of the Bar

and at the same time restore public confidence in the ethical standards of the legal profession." Syllabus Point 3, *Committee on Legal Ethics v. Walker*, 178 W.Va. 150, 358 S.E.2d 234 (1987).

Based upon our review of the record and the arguments of counsel, we find that annulment is the proper sanction in this matter, and consistent with the recommendations of the Disciplinary Counsel, we annul Mr. Jordan's license to practice law. We decline to clarify the procedure for suspending or annulling a law license based upon the conviction of a crime.

License annulled.

Chief Justice DAVIS and Justices STARCHER, MAYNARD and McCUSKEY joined the Opinion of the Court.

Justice McGRAW did not participate in the decision of this case.