564 S.E.2d 438

**LAWYER DISCIPLINARY BOARD, Complainant,**

v.

**Richard E. FORD, Jr., A Member of the West Virginia State Bar, Respondent.**

No. 29463.

Supreme Court of Appeals of West Virginia.

Submitted Feb. 5, 2002.

Decided May 3, 2002.

Lawrence J. Lewis, Esq., Office of Disciplinary Counsel, Charleston, for Complainant.

Robert B. Allen, Esq., Allen, Guthrie & McHugh, Charleston, for Respondent.

PER CURIAM.

In this Lawyer Disciplinary proceeding, the Lawyer Disciplinary Board has recommended that this Court suspend the license of the respondent, Richard E. Ford, Jr., to practice law for a period of 45 days and has also recommended that the Court require him to remain under the care of his treating psychologist until released by the psychologist.

## I.

## FACTS

The uncontradicted evidence in this case shows that during 1997 and 1998, the respondent practiced law with his father as a partner under the name, The Ford Law Firm, and that during that time, the respondent, without knowledge of his father, failed to turn over to the firm substantial sums of money which he had received as fees. Later, another attorney, Robert E. Richardson, joined the firm, and its name was changed to Ford and Richardson. During the ensuing period, the respondent continued his prior practice and, on occasion, failed to turn over to the new law firm sums which he received as fees.

In March 2000, the respondent's partner, Robert E. Richardson, learned that the respondent had failed to turn a specific fee over to the firm and confronted him over the matter. The respondent readily acknowledged that he had retained the fee and later admitted that he had failed to turn over other monies.

Subsequently, Mr. Richardson and the firm bookkeeper audited the respondent's files and identified the other fees which the respondent had retained, both during the time that the respondent was in partnership with his father and during the time that the respondent was in partnership with his father and Mr. Richardson. The audit showed that no client funds and no trust funds were involved in any of the instances.

After the audit was completed, the respondent accepted, without challenge, the figures generated by Mr. Richardson and the bookkeeper and made full restitution to his partners. The respondent also self-reported his conduct to the Office of Disciplinary Counsel. The Office of Disciplinary Counsel instituted an investigation, and throughout the investigation, the respondent cooperated fully.

The investigation showed that the respondent had, in fact, improperly retained fees, but that he had made full restitution and that no clients had been harmed. The investigation also showed that the respondent in almost twenty years of practice had never been disciplined, that his activities generated a substantial percentage of his partnership's income, and that his suspension would impact upon the firm's ability to meet its obligations and would increase the firm's cost of malpractice insurance for as much as 25 percent for at least five years. Finally, evidence was developed showing that the respondent was under the care of a psychologist who had concluded that the respondent's actions were not the result of a character flaw, but rather were due to "numbness" caused by alcohol abuse and a pattern of "unconscious living."

The Lawyer Disciplinary Board, which investigated the respondent's conduct, concluded that the conduct violated Rule 8.4 of the Rules of Professional Conduct and, as a consequence, it has recommended that this Court suspend the respondent's license to practice law for 45 days and require that he remain under the care of his treating psychologist until released.[1]

## II.

## STANDARD TO BE APPLIED IN IMPOSING A SANCTION

In Syllabus Point 4 of *Office of Lawyer Disciplinary Counsel v. Jordan,* 204 W.Va. 495, 513 S.E.2d 722 (1998), this Court stated:

\* \* \*

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

---

1. Rule 8.4 of the Rules of Professional Conduct provides, in relevant part:

It is professional misconduct for a lawyer to:

Rule 3.16 of the West Virginia Rules of Lawyer Disciplinary Procedure enumerates factors to be considered in imposing sanctions and provides as follows: "In imposing a sanction after a finding of lawyer misconduct, unless otherwise provided in these rules, the Court [West Virginia Supreme Court of Appeals] or Board [Lawyer Disciplinary Board] shall consider the following factors: (1) whether the lawyer has violated a duty owed to a client, to the public, to the legal system, or to the profession; (2) whether the lawyer acted intentionally, knowingly, or negligently; (3) the amount of the actual or potential injury caused by the lawyer's misconduct; and (4) the existence of any aggravating or mitigating factors."

## III.

### DISCUSSION

■ This Court believes that the evidence in the present case which shows that the respondent retained fees which should have been turned over to his partnership, rather than personally retained, and that he did this on repeated occasions, is sufficient to support the conclusion that he engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, and that he has engaged in professional misconduct as defined by Rule 8.4 of the Rules of Professional Conduct. The evidence, however, shows that the misconduct involved duties owed not to a client, or to the public, or to the legal system, but rather duties owed to his partners, that is, to the legal profession.

■ A review of the record shows that there is some evidence that the respondent acted knowingly. On the other hand, there is evidence suggesting that the appellant was suffering from an alcohol problem, which "numbed" him and which possibly reduced his appreciation of the nature of his action in withholding the fees involved. Subsequently, the respondent sought treatment for his alcohol and related psychological problems. The evidence also shows that the respondent promptly cooperated with an in-firm investigation of his deficiencies, and that he promptly made restitution to his partners.

Rule 3.15 of the Rules of Lawyer Disciplinary Procedure indicates that this Court may impose the following sanctions in a disciplinary proceeding: (1) probation; (2) restitution; (3) limitation on the nature or extent of future practice; (4) supervised practice; (5) community service; (6) admonishment; (7) reprimand; (8) suspension; or (9) annulment.

The fact that the respondent in the present case was suffering from an alcohol problem, which he has now addressed, and that he freely has admitted his misconduct and has undergone counseling, as well as the fact that he has never received any prior discipline in approximately 20 years of practice, would suggest that some mitigation is appropriate in his case. Additionally, evidence has been introduced that the suspension of the respondent's law license would do substantial damage to his law firm.

This Court has indicated that it should reject the hearing panel's recommendation of suspension if the suspension will exacerbate the lawyer's problems while the lawyer is attempting to correct them. *Lawyer Disciplinary Board v. Keenan*, 208 W.Va. 645, 542 S.E.2d 466 (2000).

In view of the foregoing, especially the fact that suspension would substantially harm the respondent's practice, and, thus, potentially exacerbate the respondent's problems, this Court believes that it is more appropriate that the respondent receive an admonishment than the suspension recommended by the hearing panel. The respondent is, therefore, hereby admonished.

Admonishment issued.