574 S.E.2d 788

**LAWYER DISCIPLINARY BOARD, Complainant,**

v.

**Tracy B. LUSK, a Member of the West Virginia State Bar, Respondent**

No. 29972.

Supreme Court of Appeals of West Virginia.

Submitted Oct. 8, 2002.

Decided Nov. 1, 2002.

Concurring and Dissenting Opinion of Justice Maynard Dec. 6, 2002.

Lawrence J. Lewis, Esq., Chief Lawyer Disciplinary Counsel, Morgan Palmer Griffith, Esq., Lawyer Disciplinary Counsel, Office of Disciplinary Counsel, Charleston, West Virginia, Attorneys for the Complainant.

Tracy B. Lusk, Princeton, West Virginia, Pro Se.

Justice ALBRIGHT concurs and reserves the right to file a concurring opinion.

PER CURIAM:

This lawyer disciplinary matter is before this Court upon the recommendation of the Hearing Panel Subcommittee of the Lawyer Disciplinary Board that the license of the respondent, Tracy B. Lusk, to practice law in West Virginia be annulled. The recommendation was filed with this Court on May 13, 2002, and includes findings of fact and conclusions of law to the effect that the respondent: (1) neglected the cases of various clients, (2) misappropriated or wrongfully withheld monies from them, (3) temporarily abandoned his practice without notice and (4) repeatedly failed to respond to inquiries and ethics charges made by clients and disciplinary authorities. In addition to the recommendation of annulment, the Hearing Panel Subcommittee urges this Court to direct the respondent to pay restitution to certain individuals and to pay the costs of the disciplinary proceedings.

This Court has before it the recommendation of the Hearing Panel Subcommittee, all matters of record and the brief of the Lawyer Disciplinary Board. Although respondent Lusk filed a general objection to the Subcommittee's recommendation, the respondent did not file a brief with this Court. For the reasons stated below, this Court adopts the recommendation of the Hearing Panel Subcommittee and orders that respondent Lusk's license to practice law in West Virginia be annulled. In addition, this Court directs the respondent to pay restitution in the manner set forth herein. The respondent shall be excused, however, from paying the costs of the disciplinary proceedings.

I.

FACTS

The respondent, Tracy L. Lusk, was admitted to the Bar in this State in 1987 and maintained a law office as a solo practitioner in Princeton, West Virginia. This disciplinary matter originated upon the filing of four separate ethics complaints against the respondent. As a result of the respondent's failure to cooperate during the disciplinary process, the facts concerning the complaints, as set forth by the Investigative Panel of the Lawyer Disciplinary Board, were deemed admitted by the Hearing Panel Subcommittee and are as follows:

*Ethics complaint no. 99–00–212* In 1995, the respondent accepted $9,500 from Lula Bell Webb for the representation of Webb's daughter in a McDowell County murder case. At the time, the respondent was serving as Chief Public Defender for McDowell County and, according to the Hearing Panel Subcommittee, was improperly engaging in private practice out of the public defender office. *See, W.Va.Code,* 29–21–17 [1991], which generally prohibits full-time public defenders from engaging in the private practice of law. The respondent never transferred the fee received from Ms. Webb to the public defender accounts. Nor, after he later became court appointed counsel in the case, did the respondent refund any portion of the fee to Ms. Webb, even though Webb had sold her home to raise funds to obtain an attorney for her daughter and even though the Circuit Court of McDowell County had directed the respondent to reach an agreement with Webb whereby part of the fee could be refunded to her. The respondent generally avoided Ms. Webb's inquiries concerning the $9,500. Ms. Webb filed an ethics complaint against respondent Lusk in February 1999.

*Ethics complaint no. 00–03–337* In 1999, Melissa Anderson retained respondent Lusk to represent her in a divorce and child custody case. Ms. Anderson's parents paid the respondent a $1,500 retainer. The respondent appeared at a custody hearing upon Ms. Anderson's behalf but never filed any divorce papers. He did not respond to letters sent by certified mail or to telephone calls from

Ms. Anderson and her parents. According to the Hearing Panel Subcommittee, Ms. Anderson later attempted to represent herself *pro se* in the divorce case because she did not have sufficient funds to hire another lawyer. Ms. Anderson filed an ethics complaint against respondent Lusk in July 2000. In August 2001, after the filing of that complaint and after formal charges had been initiated by the Investigative Panel, the respondent refunded the $1,500 to Ms. Anderson.

*Ethics complaint no. 00–03–477* In March 2000, William H. Winchell paid respondent Lusk $600 to represent him in a child support modification proceeding. The respondent, however, neglected the case, and Winchell discharged him. Thereafter, the respondent failed to respond to Winchell's letter sent by certified mail or to telephone calls concerning a refund of the fee. Winchell filed an ethics complaint against respondent Lusk in October 2000. In August 2001, after the filing of that complaint and after formal charges had been initiated by the Investigative Panel, the respondent refunded the $600 to Mr. Winchell.

*Ethics Complaint no. 01–02–301* Harold Wolfe was hired by respondent Lusk to perform investigative services in *State v. Green,* one of the respondent's court appointed cases in Mercer County. In January 1999, Wolfe submitted a bill for $607.48 for his services in that case. Wolfe, however, was never paid the $607.48, even though the Circuit Court of Mercer County entered an order approving the respondent's fees and expenses in *Green* and even though the respondent later received funds from the Public Defender Service Administration from which Wolfe could have been paid. In addition to the *Green* case, the respondent allegedly failed to pay Wolfe for investigative services in several other cases. Wolfe filed an ethics complaint against respondent Lusk in June 2001.

II.

THE HEARING PANEL
SUBCOMMITTEE

Respondent Lusk filed a response denying the allegations of the ethics complaint filed by Webb but never responded to the ethics complaints filed by Anderson, Winchell and Wolfe despite being repeatedly requested to respond by the Office of Disciplinary Counsel. On August 22, 2001, a formal Statement of Charges was filed against the respondent by the Investigative Panel, and on November 1, 2001, an Amended Statement of Charges was filed. In both instances, respondent Lusk failed to respond. As a result, during a January 2002 pre-hearing conference in which the respondent participated, the Hearing Panel Subcommittee granted the motion of the Office of Disciplinary Counsel to deem admitted the factual allegations contained in the Statement of Charges and the Amended Statement of Charges. *See,* Rule 2.13. of the West Virginia Rules of Lawyer Disciplinary Procedure which states that the failure to file a response to formal charges "shall be deemed an admission of the factual allegations contained therein." The Hearing Panel Subcommittee denied respondent Lusk's motion to file a late response to the charges.

The factual allegations against respondent Lusk being no longer in dispute, the Hearing Panel Subcommittee conducted an evidentiary hearing in February 2002 concerning sanctions. The respondent, although served with a subpoena, failed to appear at the hearing. In fact, during that month, a missing person report was filed concerning the respondent by his wife, and this Court entered an order directing the Circuit Courts of Mercer and McDowell Counties to appoint local attorneys for the inventory and safekeeping of the respondent's client files. A subsequent order entered in the Circuit Court of Mercer County in April 2002 indicated that the respondent ultimately returned to his home in Princeton.

On May 13, 2002, the Hearing Panel Subcommittee of the Lawyer Disciplinary Board filed its findings of fact, conclusions of law and recommendation with this Court. Specifically, the Subcommittee concluded that, in not responding to telephone calls and letters, respondent Lusk violated Rule 1.4(a). of the West Virginia Rules of Professional Conduct as to all four complainants, i.e., Webb, Anderson, Winchell and Wolfe. Rule 1.4(a). provides that an attorney shall "keep a client

reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

As to clients Anderson and Winchell, the Hearing Panel Subcommittee concluded that, in neglecting their cases and in failing to promptly refund the unearned portion of the fees they paid, the respondent violated Rule 1.3. and Rule 1.16(d). of the Rules of Professional Conduct. Rule 1.3. provides that an attorney "shall act with reasonable diligence and promptness in representing a client," and Rule 1.16(d). provides that, upon termination of representation, an attorney shall take steps to refund "any advance payment of fee that has not been earned."

Moreover, the Subcommittee concluded that, in failing to remit any monies whatsoever to Webb or to Wolfe (with regard to the *Green* case), the respondent violated Rule 1.15(b). and Rule 8.4(d). of the Rules of Professional Conduct. Rule 1.15(b). provides that an attorney "shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property." Rule 8.4(d) provides that it is professional misconduct for an attorney to "engage in conduct that is prejudicial to the administration of justice."

In addition, the Hearing Panel Subcommittee concluded that, in not responding to the ethics complaints of Anderson, Winchell and Wolfe, the respondent violated Rule 8.1(b). of the Rules of Professional Conduct which provides that an attorney, in connection with a disciplinary matter, shall not "knowingly fail to respond" to a lawful demand for information from a disciplinary authority.

Finally, the Hearing Panel Subcommittee concluded that certain "aggravating factors" warranted a sanction against the respondent. As stated by the Subcommittee, those factors included: (1) the failure to pay Wolfe for investigative services in cases in addition to the *Green* case, (2) the engaging in private practice out of the McDowell County public defender office and (3) the failure to refund a $1,500 fee to an individual by the name of James Long, where the respondent had neglected Long's boundary dispute case.

As stated above, the Hearing Panel Subcommittee recommends that respondent Lusk's license to practice law in West Virginia be annulled. In addition, the Subcommittee urges this Court to direct the respondent to pay restitution in the amount of $9,500 to Lula Bell Webb, various amounts to Harold Wolfe and $1,500 to James Long. Moreover, the Subcommittee asks this Court to direct the respondent to pay the costs of the disciplinary proceedings.

By letter to the Clerk of this Court dated July 15, 2002, respondent Lusk stated that he objected to the findings, conclusions and recommendation of the Hearing Panel Subcommittee. No grounds for the objection were set forth. Nor did the respondent file a brief with this Court.

### III.

### DISCUSSION

In *Committee on Legal Ethics v. McCorkle*, 192 W.Va. 286, 452 S.E.2d 377 (1994), this Court set forth the general standard of review for lawyer disciplinary cases. As syllabus point 3 of *McCorkle* states:

A *de novo* standard applies to a review of the adjudicatory record made before the Committee on Legal Ethics of the West Virginia State Bar [currently, the Hearing Panel Subcommittee of the Lawyer Disciplinary Board] as to questions of law, questions of application of the law to the facts and questions of appropriate sanctions; this Court gives respectful consideration to the Committee's recommendations while ultimately exercising its own independent judgment. On the other hand, substantial deference is given to the Committee's findings of fact, unless such findings are not supported by reliable, probative and substantial evidence on the whole record.

Syl. pt. 3, *Lawyer Disciplinary Board v. Barber*, 211 W.Va. 358, 566 S.E.2d 245 (2002); syl. pt. 2, *Lawyer Disciplinary Board v. Turgeon*, 210 W.Va. 181, 557 S.E.2d 235 (2000); syl. pt. 1, *Lawyer Disciplinary Board v. Farber*, 200 W.Va. 185, 488 S.E.2d 460 (1997). That standard of review is, of

course, indicative of this Court's ultimate authority with regard to legal ethics issues and the practice of law in West Virginia. As expressed in syllabus point 3 of *Committee on Legal Ethics v. Blair*, 174 W.Va. 494, 327 S.E.2d 671 (1984), *cert. denied*, 470 U.S. 1028, 105 S.Ct. 1395, 84 L.Ed.2d 783 (1985): "This Court is the final arbiter of legal ethics problems and must make the ultimate decisions about public reprimands, suspensions or annulments of attorneys' licenses to practice law." Syl. pt. 2, *Barber, supra*; syl. pt. 3, *Lawyer Disciplinary Board v. Frame*, 198 W.Va. 166, 479 S.E.2d 676 (1996). *See also*, 2A M.J. *Attorney and Client* sec. 55 (1993), stating that the Supreme Court of Appeals of West Virginia "is the final arbiter of legal ethics problems."

 Rule 3.7. of the West Virginia Rules of Lawyer Disciplinary Procedure provides that, in order to recommend the imposition of discipline of any lawyer, "the allegations of the formal charge must be proved by clear and convincing evidence." Syl. pt. 1, *Turgeon, supra*; syl. pt. 2, *Lawyer Disciplinary Board v. Cunningham*, 195 W.Va. 27, 464 S.E.2d 181 (1995). In this case, however, this Court's review of the findings of fact of the Hearing Panel Subcommittee, under the standards of Rule 3.7. and *McCorkle*, is made somewhat easier by the Subcommittee's ruling to deem the factual allegations against respondent Lusk as true. In the opinion of this Court, that ruling was justified by the respondent's failure to cooperate during the disciplinary process. Specifically, the record demonstrates that respondent Lusk did not respond to the ethics complaints filed by Anderson, Winchell and Wolfe, despite repeated requests to do so made by the Office of Disciplinary Counsel. Moreover, the respondent failed to timely respond to the subsequent Statement of Charges and Amended Statement of Charges filed by the Investigative Panel. As syllabus point 2 of *Committee on Legal Ethics v. Martin*, 187 W.Va. 340, 419 S.E.2d 4 (1992), holds: "In order to expedite the investigation of an ethics complaint by the Bar, an attorney's failure to respond to a request for information concerning allegations of ethical violations within a reasonable time will con-

stitute an admission to those allegations for the purposes of the disciplinary proceeding."

Accordingly, at this point, it may not be disputed that the respondent: (1) did not reply to the legitimate inquiries of Webb, Anderson, Winchell and Wolfe, (2) specifically neglected the cases of Anderson and Winchell, (3) failed to refund any of the monies owed to Webb and Wolfe and (4) failed to respond to the lawful demand for information from disciplinary authorities. The issue, thus, concerns the appropriate sanctions to be imposed. In that regard, this Court notes that respondent Lusk did not attend the February 2002 hearing on sanctions conducted by the Hearing Panel Subcommittee.

Syllabus point 4 of *Office of Lawyer Disciplinary Counsel v. Jordan*, 204 W.Va. 495, 513 S.E.2d 722 (1998), holds:

Rule 3.16. of the West Virginia Rules of Lawyer Disciplinary Procedure enumerates factors to be considered in imposing sanctions and provides as follows: "In imposing a sanction after a finding of lawyer misconduct, unless otherwise provided in these rules, the Court [West Virginia Supreme Court of Appeals] or Board [Lawyer Disciplinary Board] shall consider the following factors: (1) whether the lawyer has violated a duty owed to a client, to the public, to the legal system or to the profession; (2) whether the lawyer acted intentionally, knowingly or negligently; (3) the amount of the actual or potential injury caused by the lawyer's misconduct; and (4) the existence of any aggravating or mitigating factors."

Syl. pt. 6, *Barber, supra*; syl. pt. 4, *Lawyer Disciplinary Board v. Battistelli*, 206 W.Va. 197, 523 S.E.2d 257 (1999). *See also*, syl. pt. 3, *Lawyer Disciplinary Board v. Keenan*, 208 W.Va. 645, 542 S.E.2d 466 (2000); syl. pt. 3, *Committee on Legal Ethics v. Walker*, 178 W.Va. 150, 358 S.E.2d 234 (1987).

 An assessment of the record before this Court leads inexorably to the conclusion that respondent Lusk transgressed all four factors set forth in *Jordan*. The respondent violated the first two factors by not replying to the letters and telephone calls reasonably made by his clients and Mr. Wolfe and, in addition, by neglecting the legal work re-

quired as to Anderson and Winchell. Undoubtedly, the respondent engaged in that conduct intentionally and knowingly, especially since he was asked several times by the Office of Disciplinary Counsel to respond to the ethics complaints.

As to the third factor of *Jordan*, concerning injury, it should be noted that Ms. Webb, who never received a refund of any portion of the $9,500 fee, had sold her home to raise funds to obtain an attorney for her daughter. Moreover, because of the respondent's neglect, Ms. Anderson was placed in the position of representing herself *pro se* in her divorce case. Finally, with regard to the fourth factor, the Hearing Panel Subcommittee concluded that certain "aggravating factors" warranted a sanction against the respondent. Those factors included: (1) the failure to pay Wolfe for investigative services in cases in addition to the *Green* case, (2) the engaging in private practice out of the McDowell County public defender office and (3) the failure to refund the $1,500 fee to James Long, where the respondent had neglected Long's boundary dispute case.

Therefore, under the circumstances of this case, an annulment of respondent Lusk's license to practice law is justified.

## IV.

## CONCLUSION

■ For the reasons set forth above, this Court adopts the recommendation of the Hearing Panel Subcommittee of the Lawyer Disciplinary Board and orders that respondent Lusk's license to practice law in West Virginia be annulled. In addition, this Court directs the respondent to pay restitution. Specifically, the respondent is directed to pay restitution in the amount of $9,500 to Lula Bell Webb, plus interest; $607.48 to Harold Wolfe (for the *Green* case), plus interest; and $1,500 to James Long. With regard to Mr. Wolfe, this Court is aware that the Hearing Panel Subcommittee recommended that the respondent pay restitution for investigative services in cases in addition to the *Green* case. It is unclear from the Subcommittee's findings, however, how the amounts allegedly owed by the respondent in those cases were

determined and whether the respondent received any compensation therefrom from which to pay Mr. Wolfe. Nevertheless, the respondent clearly owes Wolfe $607.48 for the *Green* case.

Until restitution is made, Webb, Wolfe and Long are to be referred to the Client Protection Fund of the West Virginia State Bar. The respondent is ordered to make restitution to the Fund, if applicable. The respondent shall be excused, however, from paying the costs of the disciplinary proceeding. *See*, Rule 3.15. of the Rules of Lawyer Disciplinary Procedure concerning the excusing of costs.

License to practice law in West Virginia annulled; payment of restitution ordered.

MAYNARD, Justice, dissenting, in part, and concurring, in part:

(Filed Dec. 6, 2002)

I agree with the majority that Lusk's license to practice law should be annulled and that Lusk must pay restitution to Lula Bell Webb, Harold Wolfe, and James Long. However, unlike the majority, I believe Lusk should be charged with paying the costs of this disciplinary procedure. Not only did Lusk neglect the cases of his clients and misappropriate or wrongfully withhold money from his clients, but he also repeatedly failed to respond to inquiries and ethics charges made by clients and disciplinary authorities.

The Hearing Panel Subcommittee determined that the factual allegations contained in the ethics complaint were deemed admitted because Lusk failed to file any response to the formal charges. He also failed to appear before the Hearing Panel Subcommittee during the evidentiary hearing. Moreover, when his case came before this Court, Lusk simply filed a letter stating that he objected to the Subcommittee's recommendation. However, he failed to file a brief in support of his objection.

The majority concludes that Lusk "transgressed all four factors set forth in" Syllabus Point 4 of *Office of Lawyer Disc. Counsel v. Jordan*, 204 W.Va. 495, 513 S.E.2d 722 (1998). After making this conclusion and

enumerating aggravating factors which warranted a sanction, the majority, with no explanation whatsoever, excuses Lusk from paying the costs of the disciplinary proceeding. The entire section of the opinion dealing with costs states, "The respondent shall be excused, however, from paying the costs of the disciplinary proceedings." This statement is repeated, once again with no explanation, in the conclusion. By refusing the Lawyer Disciplinary Board's request for costs in Lusk's case, this Court fails to follow its own rules.

The West Virginia Rules of Lawyer Disciplinary Procedure do not provide this Court with discretion in awarding costs in a case such as this. Rule 3.15 specifically states, "When a sanction is imposed, the Hearing Panel Subcommittee or the Court *shall* order the lawyer to reimburse the Lawyer Disciplinary Board for the costs of the disciplinary proceeding unless the Panel or the Court finds the reimbursement will pose an undue hardship on the lawyer." (Emphasis added). This Court has often said that "[i]t is well established that the word 'shall,' in the absence of language in the statute showing a contrary intent on the part of the Legislature, should be afforded a mandatory connotation." Syllabus Point 1, *Nelson v. W.Va. Public Employees Ins. Bd.*, 171 W.Va. 445, 300 S.E.2d 86 (1982). That holding applies equally to rules promulgated by this Court. " 'Under article eight, section three of our Constitution, the Supreme Court of Appeals shall have the power to promulgate rules for all of the courts of the State related to process, practice, and procedure, which shall have the force and effect of law.' Syl. Pt. 1, *Bennett v. Warner*, 179 W.Va. 742, 372 S.E.2d 920 (1988)." Syllabus Point 7, *Games–Neely v. Real Property*, 211 W.Va. 236, 565 S.E.2d 358 (2002).

The rule is mandatory. As far as I can tell, Lusk did not show undue hardship. He did not even make an attempt to show undue hardship. He simply objected to the Subcommittee's findings, conclusions, and recommendations in a letter. He did not offer a reason for his objection. He did not afford this Court the courtesy of supporting his position with a brief. There is no evidence

that he requested that he not be required to pay costs. Yet this Court broke its own rule by summarily stating, "The respondent shall be excused, however, from paying the costs of the disciplinary proceeding." I am at a loss to understand the basis for this conclusion.

For the foregoing reasons, I concur in the sanctions which were levied against Lusk. However, I believe he should also pay the costs of this disciplinary proceeding. Therefore, I respectfully dissent from the part of the majority opinion which excuses the payment of costs. I am authorized to state that Justice Davis joins me in this separate opinion.