650 S.E.2d 165

**LAWYER DISCIPLINARY BOARD, Complainant,**

v.

**A. Wayne KING, a member of The West Virginia State Bar, Respondent.**

No. 32974.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 9, 2007.

Decided Feb. 16, 2007.

67

Charles A. Jones, III, Office of Disciplinary Counsel, Charleston, for the Complainant.

Wayne King, Pro Se.

PER CURIAM:

In this lawyer disciplinary matter, A. Wayne King (hereinafter referred to as "Respondent") objects to recommendations of the complainant Lawyer Disciplinary Board (hereinafter referred to as "Board") regarding resolution of the formal charge brought against Respondent on or about January 20, 2006. The complaint against Respondent was that he created the possibility of a conflict of interest because of the manner in which he entered into a loan transaction with a client in violation of Rule 1.8(a) of the West Virginia Rules of Professional Conduct. As a result of its review, the Hearing Panel Subcommittee of the Board recommended: immediate restitution to the client; suspension of Respondent's law license for a period of not less than six months with reinstatement contingent upon completion of twelve additional hours of continuing legal education in the area of ethics; after reinstatement, supervised practice of law for a period of one year; and payment of costs of the proceedings. We conclude from our review that Respondent violated the Rules of Professional Conduct, and we hereby impose the sanctions as recommended by the Board except for the length of the license suspension.

## I. Factual and Procedural Background

According to the parties' representations before this Court, the facts are not in dispute. Respondent is a lawyer and active member of the West Virginia State Bar having a law office in the Town of Clay in Clay County, West Virginia, who solicited a loan from a client in June 2003. Respondent had represented the client for a period of years in a variety of legal matters and was representing the client in a fire loss claim at the time the loan was obtained.[1] A written promissory note was prepared by Respondent which provided interest on the loan at the rate of ten percent per annum and stated that Respondent would make monthly payments to the client beginning on August 1, 2003.

However, the note did not set forth the amount of the monthly payments[2] and did not establish a date when the entire note was required to be fully paid. On June 4, 2003, the client wrote a check to Respondent for $15,000. Although the promissory note Respondent executed bore the date of June 4, 2003, the client testified that he had not reviewed the contents of the note at the time he wrote his check and did not receive a copy of the note until a few days after June 4. According to the client's testimony, Respondent did not suggest that the client seek advice of independent counsel[3] nor was the client afforded a reasonable opportunity to seek advice of independent counsel with respect to the loan agreement and note. Additionally, no documentary evidence was produced showing that the client consented to the loan agreement and waived any possible conflict of interest.

The client filed an ethics complaint against Respondent with the Board on August 7, 2003. The client attempted to withdraw the complaint on August 13, 2003, but the Board did not act on this request. Because the client renewed his complaint on April 22, 2004, the Office of Disciplinary Counsel (hereinafter referred to as "ODC") merged the complaints and then filed the formal charge against Respondent with this Court on January 20, 2006. Respondent filed his written answer to the charge on February 22, 2006, and the matter proceeded to hearing before the Hearing Panel Subcommittee on June 6, 2006. The Hearing Panel Subcommittee concluded that the evidence supported the charge that a violation of Rule 1.8(a) of the Rules of Professional Conduct occurred because Respondent: entered into a loan agreement and note with a client without fully delineating or disclosing the provisions of the agreement in writing; neglected to give the client a reasonable opportunity to seek advice of independent counsel regarding the loan agreement; and failed to obtain the

---

**1.** Since the loan arrangement at issue occurred, Respondent has represented the client in other legal matters.

**2.** According to the testimony of both Respondent and the client, they verbally agreed to a monthly payment of $500.

**3.** Respondent testified that he suggested that the client could take the promissory note to another lawyer whose office was in the same building.

client's written consent to the loan transaction.

## II. Standard of Review

The varying standards of review applied in lawyer disciplinary cases as explained in syllabus point three, *Committee on Legal Ethics of the West Virginia State Bar v. McCorkle,* 192 W.Va. 286, 452 S.E.2d 377 (1994), are:

A *de novo* standard applies to a review of the adjudicatory record made before the [Lawyer Disciplinary Board] as to questions of law, questions of application of the law to the facts, and questions of appropriate sanctions; this Court gives respectful consideration to the [Board's] recommendations while ultimately exercising its own independent judgment. On the other hand, substantial deference is given to the [Board's] findings of fact, unless such findings are not supported by reliable, probative, and substantial evidence on the whole record.

## III. Discussion

Respondent was charged with violating Rule 1.8(a) of the West Virginia Rules of Professional Conduct which provides as follows:

Rule 1.8. Conflict of interest: Prohibited transactions.

(a) A lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client unless:

(1) the transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing to the client in a manner which can be reasonably understood by the client;

(2) the client is given a reasonable opportunity to seek the advice of independent counsel in the transaction; and

(3) the client consents in writing thereto.

This Court held in syllabus point six of *Office of Disciplinary Counsel v. Battistelli,* 193 W.Va. 629, 457 S.E.2d 652 (1995), that "[a] lawyer who engages in a loan transaction with his or her client must, at a minimum, assure that the arrangement satisfies West Virginia Rule of Professional Conduct 1.8(a)(1) to (3)." It is clear from the facts in the case before us that, as the Board has proposed, all three subdivisions of Rule 1.8(a) were violated.

We are now faced with deciding the proper disciplinary action to prescribe under the circumstances. As we indicated in syllabus point four of *Office of Disciplinary Counsel v. Jordan,* 204 W.Va. 495, 513 S.E.2d 722 (1998), we rely on the factors set forth in Rule 3.16 of the West Virginia Rules of Lawyer Disciplinary Procedure in determining the appropriate sanction to impose in a lawyer disciplinary matter. The factors contained in Rule 3.16 are:

(1) whether the lawyer has violated a duty owed to a client, to the public, to the legal system, or to the profession; (2) whether the lawyer acted intentionally, knowingly, or negligently; (3) the amount of the actual or potential injury caused by the lawyer's misconduct; and (4) the existence of any aggravating or mitigating factors.

This Court has further recognized that "[a]ttorney disciplinary proceedings are not designed solely to punish the attorney, but rather to protect the public, to reassure it as to the reliability and integrity of attorneys and to safeguard its interest in the administration of justice." *Lawyer Disciplinary Bd. v. Taylor,* 192 W.Va. 139, 144, 451 S.E.2d 440, 445 (1994).

In contemplating the appropriate sanction in this case, we are mindful that Respondent's conduct in the instant matter is essentially the same conduct that caused us to enter an order on March 8, 2001, admonishing Respondent and directing that he take six additional hours of ethics as part of his continuing legal education requirement. *See Lawyer Disciplinary Board v. A. Wayne King,* No. 27742. We have formerly held that "[p]rior discipline is an aggravating factor ... because it calls into question the fitness of the attorney to continue to practice a profession imbued with a public trust." Syl. Pt. 5, in part, *Committee on Legal Eth-*

*ics v. Tatterson,* 177 W.Va. 356, 352 S.E.2d 107 (1986). Additionally, the Board asks us to consider the further aggravating factor of Respondent neglecting to report the $15,000 personal loan to the United States Bankruptcy Court in which Respondent had filed as a debtor.

The mitigating factors Respondent asserts in addition to his stated intent to repay the loan include that the loan involved a client who was a relative whom he continues to represent and that his failure to report the loan in his bankruptcy case was due to his lack of knowledge about bankruptcy proceedings. While we appreciate Respondent's explanations, we do not believe that they absolve him from being sanctioned for his pattern of misconduct. However, we take stock in the client's testimony at the hearing and his request that leniency be used in fashioning a sanction. We also note the client's apparent ambivalence in seeking discipline, as clearly evidenced by his withdrawal and reinstatement of the complaint. We give some weight to the fact that the client continues to call on Respondent to represent him in other legal matters despite Respondent's ethical lapse in this case.

Balancing the aggravating and mitigating circumstances in this case, we find that the Board's recommendation of a six month license suspension is unduly severe and instead impose a sixty-day suspension of Respondent's law license. In all other regards, we adopt the recommended sanctions of the Board.

### IV. Conclusion

Based upon the above, this Court concludes that the charge against Respondent for violating Rule 1.8(a) of the West Virginia Rules of Professional Conduct has been proven by clear and convincing evidence.[4] Our considered review of the aggravating and mitigating factors in this case causes us to impose the following sanctions for the proven misconduct: (1) Suspension of Respondent's law license for a period of sixty days; (2) completion of twelve additional hours of continuing legal education in the area of ethics

before Respondent may petition for license reinstatement; (3) supervision of Respondent's practice of law for a period of one year following reinstatement; (4) full and immediate restitution to Mr. Boggs of the outstanding loan balance plus ten percent interest from the date of the loan; and (5) payment of costs of these proceedings to the Board.

License suspended.

---

4. *See* Rule 3.7 of the *West Virginia Rules of Lawyer Disciplinary Procedure* ("In order to recommend the imposition of discipline of any lawyer, the allegations of the formal charge must be proved by clear and convincing evidence.")