FILED
**November 9, 2017**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Lawyer Disciplinary Board v. Munoz, 16-0645

LOUGHRY, Chief Justice, dissenting:

The majority correctly concludes that the respondent committed all of the professional misconduct specified in the Statement of Charges, including lying to a magistrate in his DUI case and dilatory behavior with regard to two clients in habeas corpus proceedings. Yet, when choosing what sanction to impose, the majority overlooks the most egregious aspect of this lawyer disciplinary case: the respondent's *pattern* of untruthfulness. Time and time again, upon being confronted with his own problematic behavior, the respondent provided half-truths or outright lies. He lied in his DUI case, and he lied to the Office of Disciplinary Counsel. After considering the entirety of the respondent's conduct, it is clear that the Court should have imposed the sanction recommended by the Hearing Panel Subcommittee–including a one-year suspension from the practice of law from which the respondent would be required to petition for reinstatement.[1] Because the ninety-day suspension imposed by the majority is woefully insufficient, I must dissent.

The evidence before the Court demands a harsher penalty. The respondent was court-appointed to represent Carl Lockhart in a petition for habeas corpus in circuit court. Although he submitted a scheduling order that was entered by the court, the respondent failed

---

[1]*See* R. Lawyer Disc. Pro. 3.32 (requiring lawyer suspended for more than three months to petition Court for reinstatement).

1

to comply with the deadlines established by that order and failed to file an amended habeas petition. Additionally, he ignored letters from his client and failed to respond to many of the disciplinary counsel's attempts to obtain information about the habeas case. Critically, when questioned about his lack of diligence in the *Lockhart* case, the respondent falsely told disciplinary counsel that he had timely submitted a prepared order allowing him to withdraw. He later admitted, however, that he had not submitted this order until one month after the ethics complaint was filed against him.

Similar misconduct occurred in the respondent's representation of Jonathan Bourne, another court-appointed representation in a state habeas case. The subcommittee found that the respondent submitted a scheduling order that was entered by the court, but, as in the Lockhart case, he failed to meet the deadlines specified therein. The respondent falsely told disciplinary counsel that he had performed work on Mr. Bourne's case, including submitting "several motions and scheduling orders" to the circuit court. Despite the disciplinary counsel's request for information about the alleged "several motions and scheduling orders," the respondent failed to timely respond. Finally, the respondent told disciplinary counsel that he could not provide proof because he had submitted documents to the circuit court via facsimile without retaining the facsimile cover sheets. However, the circuit clerk's docket sheet reflects that the respondent filed just two documents in the *Bourne* habeas case: the proposed scheduling order and a motion to withdraw as counsel.

The respondent's dishonesty extended to the misdemeanor criminal DUI matter in which he personally was the defendant in the Magistrate Court of Doddridge County. The evidence proves that on three occasions, Magistrate Moran continued hearings upon the respondent's verbal motions, although no written record was made of these requests. On the date set for trial, the magistrate dismissed the charges without prejudice because, believing the respondent was going to plead guilty, no arrangements had been made to bring in a jury. When the prosecutor subsequently re-filed the charges and the case was assigned to Magistrate Adams, the respondent moved to dismiss, arguing that the charges were time-barred. With no written record to contradict him, the respondent claimed he had never indicated an intention to plead guilty and had never moved for any continuances. Although he asserted that the delay in prosecution could not be attributed to him, both Magistrate Moran and the prosecutor testified that the respondent had made verbal motions for continuances that were granted. The respondent then repeated these misrepresentations in an unsuccessful petition to the Circuit Court of Doddridge County, through which he sought to prohibit the prosecution of re-filed charges. The circuit court found that the respondent had made verbal motions for continuances in magistrate court, which constitute an exception to the rule that criminal charges must go to trial within three terms of court.[2] The respondent also repeated his false statements in an appeal to this Court, where we affirmed the circuit court's denial of the petition for prohibition. *See Munoz v. Adams*, No. 15-0140, 2015 WL

---

[2]*See* W.Va. Code § 62-3-21 (2014).

3

7628822 (W.Va. Nov. 23, 2015) (memorandum decision).

Aggravating on the issue of sanction is the respondent's record of prior ethics infractions.[3] In an Investigative Panel order issued on December 8, 2010, the respondent was "strongly warned" about his violations of the Rules of Professional Conduct requiring diligence and client communication in another habeas case. Similarly, in an order dated January 27, 2011, the Investigative Panel reminded the respondent of his obligation to communicate with his client in yet a different habeas case. In a May 6, 2013, order that jointly decided two more ethics complaints, the Investigative Panel issued a written admonishment to the respondent for his violations of the rules involving diligence, client communication, disobeying an obligation of a tribunal, and conduct prejudicial to the administration of justice. An Investigative Panel admonishment is "aggravating just like any other disciplinary action." *Lawyer Disciplinary Bd. v. Sturm*, 237 W.Va. 115, 128, 785 S.E.2d 821, 834 (2016). Notably, the conduct which troubled the Investigative Panel in these prior matters is the same type of conduct that the respondent committed while representing

---

[3]*See* R. Lawyer Disc. Pro. 3.16 (requiring consideration of aggravating factors when determining what discipline to impose); Syl. Pt. 4, *Office of Lawyer Disciplinary Counsel v. Jordan*, 204 W.Va. 495, 513 S.E.2d 722 (1988) (same); Syl. Pt. 4, *Lawyer Disciplinary Bd. v. Scott*, 213 W.Va. 209, 579 S.E.2d 550 (2003) ("Aggravating factors in a lawyer disciplinary proceeding are any considerations or factors that may justify an increase in the degree of discipline to be imposed."). Furthermore, "[p]rior discipline is an aggravating factor in a pending disciplinary proceeding because it calls into question the fitness of the attorney to continue to practice a profession imbued with a public trust." Syl. Pt. 5, *Comm. on Legal Ethics v. Tatterson*, 177 W.Va. 356, 352 S.E.2d 107 (1986).

4

Mr. Lockhart and Mr. Bourne.

If this disciplinary case had only involved the respondent's deficient provision of legal services to Mr. Lockhart and Mr. Bourne, without any aspect of dishonesty, then a ninety-day suspension may have been appropriate.[4] Indeed, all of the cases relied upon by the majority to justify its sanction involved lawyers who failed to act diligently in some way and failed to adequately communicate with their clients. None of the cases cited by the majority involved a pattern of serious dishonesty. Obviously, the respondent's conduct goes beyond a lack of diligence and poor client communication skills. He told lies to avoid the consequences of his own behavior, whether it was his failure to diligently represent and communicate with clients or the fact that his own actions contributed to the delay in his DUI prosecution. The respondent violated some of the most serious rules promulgated for the governance of attorney behavior: Rule 3.3 prohibiting a lack of candor toward a tribunal; Rule 8.1(a) prohibiting a lawyer from knowingly making a false statement of material fact

---

[4]For example, in *Sturm*, a lawyer was suspended for ninety days for failing to file a petition for habeas corpus, failing to file an appeal, failing to communicate with clients, and failing to correctly deposit client funds. 237 W.Va. 115, 785 S.E.2d 821. In *Lawyer Disciplinary Board v. Hollandsworth*, this Court issued a ninety-day suspension to a lawyer who was appointed to represent a client in a habeas case but failed to contact the client, even after being ordered to do so. *Hollandsworth*, No. 14-0022 (W.Va. Sept. 18, 2014) (unreported order). This Court imposed a ninety-day suspension in *Lawyer Disciplinary Board v. Conner* because the lawyer failed to perfect appeals, communicate with clients, perform certain legal services or return the fee, and respond to the disciplinary counsel's requests for information and a show cause order. *Conner*, 234 W.Va. 648, 769 S.E.2d 25 (2015).

5

in connection with a disciplinary matter; Rule 8.4(c) prohibiting conduct involving dishonesty, fraud, deceit or misrepresentation; and Rule 8.4(d) prohibiting conduct prejudicial to the administration of justice.

The Court has previously imposed lengthy periods of suspension when lawyers made dishonest statements or committed dishonest acts. For example, the Court imposed a one-year suspension on a lawyer who intentionally removed a narrative section from a doctor's report and then provided the redacted report to an administrative law judge and the pro se opponent. *See Lawyer Disciplinary Bd. v. Smoot*, 228 W.Va. 1, 716 S.E.2d 491 (2010). Because of the length of his suspension, Mr. Smoot was required to petition for reinstatement at the conclusion of his one-year suspension. *Id.*[5] In *Lawyer Disciplinary Board v. Elswick*, we suspended a lawyer's license for two years after she allowed her paralegal to elicit a known false statement from a potential witness, allowed that false statement to be submitted to a court, and engaged in a "pen-pal" relationship with the witness that was adverse to her client's objectives. *Elswick*, 231 W.Va. 684, 749 S.E.2d 577 (2013). In *Lawyer Disciplinary Board v. Haught*, a lawyer failed to properly deposit client funds, lied to disciplinary counsel about how he had handled those funds, and lied to disciplinary counsel about the identity of his clients in a real estate transaction. *Haught*, 233 W.Va. 185, 757 S.E.2d 609 (2014). Among other sanctions, this Court suspended Mr. Haught for one

---

[5]*See supra*, n. 1.

year and required that he undergo two years of supervised practice upon a successful petition for reinstatement. *Id.* In *Lawyer Disciplinary Board v. Busch*, 233 W.Va. 43, 754 S.E.2d 729 (2014), a prosecuting attorney made false representations to a circuit judge and to opposing counsel in two separate criminal cases. After recognizing that ethical violations by a lawyer holding public office are viewed as more egregious, this Court suspended Mr. Busch for three years. *Id.* at 56, 754 S.E.2d at 742.

The majority pays lip service to the serious nature of the respondent's conduct, characterizing his behavior as "egregious and reprehensible"[6] and stating that "[n]o single transgression reflects more negatively on the legal professional than a lie."[7] Despite these emphatic words, the majority proceeds to impose only a short suspension, with automatic reinstatement, plus a few extra hours of continuing legal education. This sanction is wholly inconsistent with the nature of the respondent's violations.

When imposing a sanction in a lawyer disciplinary case, the "Court must consider not only what steps would appropriately punish the respondent attorney, but also whether the discipline imposed is adequate to serve as an effective deterrent to other members of the Bar and at the same time restore public confidence in the ethical standards

---

[6]*See Lawyer Disciplinary Bd. v. Munoz*, No. 16-0645, __ W.Va. __, __ S.E.2d __ (2017), slip. op. at 18.

[7]*See Munoz* at __, __ S.E.2d at __, slip. op. at 18 (citation omitted).

7

of the legal profession." Syl. Pt. 3, in part, *Comm. on Legal Ethics v. Walker*, 178 W.Va. 150, 358 S.E.2d 234 (1987). The inadequate penalty issued by the majority serves none of these purposes. It does not sufficiently address the respondent's lack of candor, serve to deter other lawyers, or evidence that this Court holds lawyers to high standards of trustworthiness. Moreover, by rejecting the subcommittee's recommendation of supervised practice, the majority's sanction does nothing to assist the respondent in correcting the shortcomings that led to his problems in *Bourne* and *Lockhart*.

The Court should have imposed the sanction recommended by the Hearing Panel Subcommittee and the Office of Disciplinary Counsel: ordering a one-year suspension from the practice of law; requiring the respondent to comply with Rule 3.28 of the Rules of Lawyer Disciplinary Procedure concerning, inter alia, providing client notification and accountings; requiring the respondent to file a petition for reinstatement pursuant to Rule 3.32 of the Rules of Lawyer Disciplinary Procedure; ordering the respondent to complete an additional six hours of continuing legal education; upon a successful petition for reinstatement, ordering the respondent to practice under the supervision of another lawyer for one year in order to improve the quality of his law practice; and ordering payment of costs. This disposition would have been in accord with our prior cases and the purposes underlying attorney discipline. Because the sanction imposed by the majority is deficient, I respectfully dissent.

8