No. 23-82 –*Lawyer Disciplinary Board v. Robert L. Greer*

**FILED**

**November 14, 2024**

released at 3:00 p.m.
C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Justice Hutchison, dissenting, and joined by Judge Tatterson:

Under Rule 3 of the West Virginia Rules of Disciplinary Procedure, this Court created the Hearing Panel Subcommittee of the Lawyer Disciplinary Board to conduct hearings and make "recommendations of lawyer discipline to the Supreme Court of Appeals on formal charges[.]" We charged the Hearing Panel with taking evidence and making "a recommended disposition" to this Court. *Id*., Rule 3.10. The Hearing Panel may recommend, within its discretion, a broad range of "sanctions for a violation of the Rules of Professional Conduct" ranging from probation and restitution up to annulment. *Id.*, Rule 3.15. The Rules provide factors for the Hearing Panel to weigh in crafting a sanction, including "the existence of any aggravating or mitigating factors." *Id.*, Rule 3.16.

I dissent to the majority's opinion because of its disrespect and disregard for the Hearing Panel's judgment and discretion, both of which are incorporated in the Rules. I am aware of this Court's syllabus point holding that there is a "*general rule* that *absent compelling extenuating circumstances*, misappropriation or conversion by a lawyer of funds entrusted to his/her care warrants disbarment." Syllabus Point 5, in part, *Office of Lawyer Disciplinary Counsel v. Jordan*, 204 W. Va. 495, 513 S.E.2d 722 (1998) (emphasis added). But the majority opinion does not apply this syllabus point as a guide to assessing a proper sanction. That it is written as a "general rule" seemingly dependent on circumstances is of no moment because the majority opinion interprets the syllabus as a non-negotiable mandate.

1

In my three decades on the bench, I have learned that justice often requires a touch of mercy. Every case comes before a judge on unique facts, and any sanctions or relief must be tailored to the person who faces judgment. Being a judge requires the exercise of judgment, of discretion, within the guidelines of rules and the law. All of this exists within a universe where people are expected to err, learn from their mistakes, and be given second chances. When guidelines become nothing more than edicts handed down from on high, judging descends into nothing more than the ruthless exercise of an administrative stamp.

The Hearing Panel heard testimony from witnesses, reviewed all of the evidence and arguments, and in this case exercised its judgment. Moreover, the Hearing Panel heard the arguments of Lawyer Disciplinary Counsel who pleaded for a full disbarment and annulment of Mr. Greer's license. The Hearing Panel concluded that there were legitimate, undisputed mitigating factors working in Mr. Greer's favor and rejected Disciplinary Counsel's position. The record below does not show Mr. Greer intentionally misappropriated client funds for his own amusement. Rather, the record shows Mr. Greer was careless, reckless even, in his management of his IOLTA and business bank accounts, and that he balanced his accounts in his head rather than through an accountant. For this, the Hearing Panel found Mr. Greer violated the Rules of Professional Conduct, but that his contrition, voluntary restitution, and expenditure of funds and effort to avoid future mishandling of funds worked together to compel a reduced sanction.

The majority opinion notes that, in the past, this Court has found cases where lawyers misappropriated funds under "compelling extenuating circumstances," and in those cases approved negligible sanctions such as a reprimand. But that is not this case. The Hearing Panel recommended a six-month suspension for Mr. Greer, a stiff penalty because most sole practitioners would struggle if their business was closed for half of a year. But the Court rejected that sanction, and in so doing rejected the years of legal experience and real-world judgment of the members of the Hearing Panel Subcommittee. Those members weighed the evidence, weighed the credibility of the witnesses, weighed the mitigating factors that Disciplinary Counsel does not dispute, and made a thoughtful and fully justified recommendation to this Court. The majority opinion dismisses that recommendation outright, as well as dismisses its own disciplinary rules that require consideration of legitimate mitigating factors, and it reads its own "general rule" syllabus point as unquestionable, black-letter law handed down by a higher authority.

Respectfully, I do not believe justice was achieved in this case, and I would have given more deference to the Hearing Panel's recommendation. Accordingly, I dissent. I am authorized to state that Judge Tatterson joins in this dissent.